# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUIPOINT FINANCIAL NETWORK, INC., <br><br>　　　　　　　　　　　　Plaintiff, <br><br>　vs. <br><br>NETWORK APPRAISAL SERVICES, INC.; SAID W. MAJROOH; ERICA ELAINE BAXTER; JEAN MERKELBACH doing business as DISTINCTIVE HOMES/SOTHEBY'S INTERNATIONAL REALTY; and CATHY J. CARNES, <br><br>　　　　　　　　　　　　Defendants. | **CASE NO. 09-CV-01252-H (CAB)** <br><br> **ORDER GRANTING MOTION FOR WITHDRAWAL OF REFERENCE** |

Defendants Erica Elaine Baxter and Jean Merkelbach dba Distinctive Homes/Sotheby's International Realty filed a motion for withdrawal of reference in the U.S. Bankruptcy Court, Southern District of California on February 25, 2009. (Doc. No. 1.) On June 9, 2009, the bankruptcy court transferred the above-entitled case to this Court. (Id.) Baxter and Merkelbach seek to withdraw the reference to the bankruptcy court with respect to an adversary proceeding commenced by Equipoint Financial Network, Inc. ("Equipoint") against movants Baxter and Merkelbach and others for state law causes of action arising out of a loan Equipoint issued to a buyer of residential real property. Any party wishing to oppose the motion had until July 6, 2009 to submit an opposition. The Court did not receive any responses in opposition. Baxter and Merkelbach filed a reply on July 13, 2009. (Doc. No. 3.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits it on the papers. For the reasons set forth below, the Court grants the motion to withdraw the reference.

**Background**

Plaintiff Equipoint, the debtor-in-possession in the bankruptcy proceeding, filed a first amended complaint ("FAC") against Defendants Network Appraisal Services, Inc., Said W. Majrooh, Jean Merkelbach and Erica Baxter, doing business as Distinctive Homes/Sotheby's International Realty, and Cathy J. Carnes for (1) intentional misrepresentation; (2) negligent misrepresentation; (3) negligence; (4) professional negligence; and (5) violation of California Business & Professions Code § 7195, et seq. (Doc. No. 1, FAC.) Equipoint's FAC relates to a loan it issued to a buyer of residential real property.

According to Equipoint's allegations in the FAC, in November 2007, Defendant Cathy J. Carnes ("Seller") retained the services of real estate broker Merkelbach and real estate agent Baxter to assist her in selling real property located at 9623 Wise Road, Auburn, California 95603 (the "Property"). (FAC ¶ 13.) A potential buyer was identified and on November 11, 2007, the buyer submitted a uniform residential loan application to Equipoint for a loan of up to $400,000 for the purchase of the Property. (Id. ¶ 14.) On November 21, 2007, Defendant Majrooh, as an agent of Defendant Network Appraisal, conducted an inspection of the Property and prepared a written appraisal report indicating that the Property was connected to a "public sanitary sewer" system. (Id. ¶ 15.) On December 7, 2007, the buyer and Seller entered into a written residential purchase agreement for the purchase of the Property for $350,000. (Id. 16.) Equipoint later discovered that the Property was not connected to a public sewer system, but in fact had a septic system that was not working properly and needed to be completely replaced, thereby rendering the Property uninhabitable and significantly affecting the value of the Property. (Id. ¶ 15.) Equipoint alleges that despite duties to do so, at no time did the Seller, Merkelbach or Baxter disclose any adverse conditions, including that the Property was on a defective septic system. (Id. ¶18.)

The buyer of the Property eventually defaulted on the loan from Equipoint and on May

28, 2009, Equipoint obtained ownership of the Property by way of a deed in lieu of foreclosure. (Id. ¶19.) Equipoint, still unaware of the septic system problem, found a buyer for the Property in July 2008. (Id. ¶20.) In August 2008, the Placer County Health and Human Services department evaluated the septic system on the Property and determined that the system was installed without required permits and that it needed to be completely replaced because it was not working properly, rendering the Property uninhabitable. (Id. ¶21.) As a result, the proposed sale of the Property fell through and to date the Property has not been sold and remains uninhabitable. (Id. ¶22.) Equipoint filed suit alleging California state law causes of action against the Defendants.

Defendants Merkelbach and Baxter move to withdraw the reference of the adversarial proceeding to the bankruptcy court, asserting that it is a non-core matter. Equipoint and the other named Defendants have not submitted responses in opposition to the motion to withdraw the reference.

**Discussion**

Under 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The first sentence of 28 U.S.C. § 157(d) provides a district court with permissive authority to withdraw the reference of a bankruptcy court on timely motion of any party and for cause shown. Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir.1997). The courts have identified a number of factors to consider in making the determination of whether to withdraw a case under § 157(d). The Ninth Circuit has said that the court should consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the

prevention of forum shopping, and other related factors." Id. (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993)). The Second Circuit stated in In re Orion Pictures Corp. that:

> [a] district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn . . . once a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.

4 F.3d 1095, 1101 (2d Cir. 1993). One such related factor is whether a party has a right to jury trial, because the bankruptcy court is not entitled to conduct a jury trial on non-core matters without the consent of the parties. See In re Cinematronics, Inc., 916 F.2d 1444, 1451 (9th Cir. 1990).

"In general, a 'core proceeding' in bankruptcy is one that 'invokes a substantive right provided by title 11 or ... a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" In re Gruntz, 202 F.3d 1074, 1081 (9th Cir. 2000) (citations omitted). "'Non-core proceedings' are those not integral to the restructuring of debtor-creditor relations and not involving a cause of action arising under title 11." Id. (citations omitted).

The Court concludes that Equipoint's suit against Defendants Network Appraisal Services, Inc., Majrooh, Merkelbach and Baxter, doing business as Distinctive Homes/Sotheby's International Realty, and Carnes is a non-core proceeding. Equipoint alleges only state law claims based on a pre-petition loan transaction that do not depend on Title 11 and are in federal court only because of their potential impact on the administration of Equipoint's estate to provide additional monies for use by the bankruptcy estate if Equipoint should prevail. See In re Castelrock Properties, 781 F.2d 159, 162 (9th Cir. 1986). Equipoint could have brought its state law claims for tort damages arising from the loan transaction in state court, regardless of whether Equipoint was in bankruptcy. See In re Eastport Assoc., 935 F.2d 1071, 1076-77 (9th Cir. 1991) (holding suit for declaratory judgment could just as easily have been brought in state court, regardless of whether Eastport was in bankruptcy, and

therefore was not a core proceeding).

The Court, for cause shown, grants Merkelbach and Baxter's unopposed motion to withdraw the reference. Equipoint's suit against the Defendants is non-core and judicial economy is best served by having this adversarial proceeding pending in the district court where it would ultimately be tried. As the bankruptcy courts may only make recommendations to the district courts in non-core proceedings, unnecessary costs can be avoided by a single proceeding in the district court. 28 U.S.C. § 157(c)(1); see In re Orion Pictures, 4 F.3d at 1101.

### Conclusion

For the reasons set forth above, the Court grants the motion to withdraw the reference with regard to Equipoint's adversarial case against Defendants Network Appraisal Services, Inc., Said W. Majrooh, Jean Merkelbach and Erica Baxter, doing business as Distinctive Homes/Sotheby's International Realty, and Cathy J. Carnes. Defendants should file their responsive pleading within 20 days of the date of this order.

**IT IS SO ORDERED.**

DATED: July 15, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT