1  John L. Smaha, Esq., Bar No. 95855
   Gustavo E. Bravo, Esq., Bar No. 218752
2  Frederick W. Pfister, Esq., Bar No. 260167
   **SMAHA LAW GROUP**
3  7860 Mission Center Court, Suite 100
   San Diego, California 92108
4  Telephone:   (619) 688-1557
   Facsimile:   (619) 688-1558
5
   Attorneys for Debtor/Plaintiff, Equipoint Financial Network, Inc.
6

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EQUIPOINT FINANCIAL NETWORK, INC.<br><br>　　　　　　Debtor.<br><br>---<br><br>EQUIPOINT FINANCIAL NETWORK, INC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NETWORK APPRAISAL SERVICES, INC.; SAID W. MAJROOH; ERICA ELAINE BAXTER; JEAN MERKELBACH, dba DISTINCTIVE HOMES/SOTHEBY'S INTERNATIONAL REALTY; CATHY J. CARNES,<br><br>　　　　　　Defendants. | CASE NO. 09-cv-1252-H-CAB<br><br>[Related to Bankruptcy Case 08-05555-JM11 (Bankr. S.D.Cal.) and Adversary Case No. 09-90003-JM]<br><br>MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF EQUIPOINT FINANCIAL NETWORK, INC. IN SUPPORT OF ITS RESPONSE TO DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM [FED. R. CIV. PROC. 12(b)(6)]<br><br>Date: September 14, 2009<br>Time: 10:30 A.M.<br>Dept: 13 |

Case No. 09cv-1252-H-CAB
Memorandum of Points and Authorities Plaintiff In
Support of It's Response to Defendants Motion to Dismiss...

Debtor/Plaintiff Equipoint Financial Network, Inc. ("Plaintiff") submits the following memorandum of points and authorities in reply to Defendants Erica Elaine Baxter's and Jean Merkelbach's dba Distinctive Homes/Sotheby's International Realty (collectively "Defendants") motion to dismiss the Plaintiff's complaint for failure to state a claim (the "Motion"), pursuant to Federal Rules of Civil Procedure 12(b)(6).

## I.

## INTRODUCTION

This is a case of fraud and/or extreme negligence by parties to a supposedly arms-length real estate transaction. The transaction was essentially a straw-man purchase generated to collect broker commissions and defraud an unwitting lending institution, accomplished by setting up the purchase of a real property that was defective, hazardous and unsaleable. The deal was put together by Defendants who represented both buyer and seller in a dual agency arrangement and actively brought the parties together for the sham transaction.

The fraud in this transaction is clear. The seller, who concealed material defects in the property's septic system, received an inflated amount for an unhabitable property. The buyer, who obtained one-hundred percent financing from Plaintiff, defaulted on her very first mortgage payment. Meanwhile, Defendants pushed the transaction through and collected a significant commission and fees for their efforts. Plaintiff has further information that the buyer did not physically inspect or even see the property prior to purchase and was brought in by Defendants and/or seller merely for the purpose of defrauding Plaintiff and helping Defendants collect their broker fees. Plaintiff was unaware of any of this when it made what it believed to be a good faith loan for the purchase of the property. However, when the Plaintiff took by deed in lieu of foreclosure, it was soon revealed that the property was completely uninhabitable due to a defective septic system, which was either negligently or intentionally concealed.

1    Defendants have filed this motion to dismiss in an effort to evade their responsibility
2 and liability for engaging in this fraud. Defendant's motion to dismiss is based on essentially
3 one assertion: Defendant's believe that their intentional and/or negligent failure to inspect
4 and/or disclose a hazardous condition should be excused because they did not owe the duty
5 to Plaintiff. Defendants' contend that their duty was only owed to the purchaser of the
6 property (the straw-man who likely participated in the fraud), not to Plaintiff. Plaintiff
7 submits that applicable California case law does not hold as such when a real estate broker
8 engages in fraud and deceit, and the Motion to dismiss should fail as a matter of law.
9 Defendants should not be rewarded for their fraud and/or extreme negligence in this
10 transaction.

## II.

## BACKGROUND

This matter arises from the purchase by Alexis Cartier ("Buyer") of residential real property located 9623 Wise Road, Auburn, California 95603(the "Property") from seller Kathy Carnes ("Seller").

In or about November 2007, Seller retained the services of Defendants as her real estate brokers to assist her in selling the Property. At that time, upon information and belief, there existed a dangerous and unsanitary condition regarding the Property's septic system. The septic system was malfunctioning and needed to be replaced at a cost of several hundred thousand dollars due to the nature of the malfunction, the difficulty in extracting the system, and damage to surrounding property necessary to replace it. It is the Plaintiff's belief that both the Seller and Defendants knew or were negligent in discovering this condition and concealed it in an attempt to extract commissions and unload a defective property

On or about mid-November 2007, Buyer was identified as a potential purchaser and the Defendants agreed to represent both Buyer and Seller in a dual representation arrangement. An inspection was conducted that was so deficient that the inspector did not

Case No. 09cv-1252-H-CAB
Memorandum of Points and Authorities Plaintiff In
Support of It's Response to Defendants Motion to Dismiss...
2

1  even indicate that the Property had a septic system, but was instead connected to the sewer
2  system. No further disclosures were made regarding the condition of the septic system and
3  the Defendants continued with the transaction. The Buyer then submitted a loan application
4  to Plaintiff for a loan of $400,000, representing one hundred percent of the purchase price
5  of the Property.

6  On or about December 7, 2007, Buyer and Seller entered into a purchase agreement
7  and the transaction closed shortly thereafter. Defendants received a brokers commission from
8  this sale for representing both parties. Immediately after purchasing the Property, Buyer
9  defaulted on the first loan payment and thereafter made no loan payments during her brief
10 ownership of the Property. The Plaintiff obtained title to the Property in May 2008. After
11 obtaining title, but still not aware of the serious problems plaguing the septic system, Debtor
12 found another buyer for the Property in or about July 2008.

13 In or about August 2008, the Placer County Health & Human Services evaluated the
14 septic system on the Property and determined that the system was installed without the
15 required permits. More importantly, it was discovered that the septic system was
16 malfunctioning and needed to be completely replaced at substantial cost, rendering the
17 Property uninhabitable until such replacement was installed. The evaluation also indicated
18 that as part of the replacement of the septic system it would likely be necessary to obtain a
19 sewage disposal easement on a neighboring property. Soon after the problems with the septic
20 system were discovered, including the substantial costs involved in addressing such
21 problems, the proposed sale of the Property fell through. To date, the Property has not been
22 sold and remains completely uninhabitable. As a result of the serious septic system problems
23 materially affecting the habitability and value of the Property, Debtor has suffered damages
24 of at least $250,000.
25 ///
26 ///
27 ///
28

Case No. 09cv-1252-H-CAB
Memorandum of Points and Authorities Plaintiff In
Support of It's Response to Defendants Motion to Dismiss...
3

# III.
# LEGAL STANDARD FOR MOTIONS TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

In determining motions to dismiss for failure to state a claim upon which relief can be granted, courts must take as true, all factual allegations made in the complaint, and must construe all reasonable inferences in the plaintiffs favor. (*Industrial Specialty Chemicals, Inc. v. Cummins Engine Co., Inc.* (N.D.Ill. 1995) 902 F.Supp. 805, 809.) Not surprisingly, motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. (*Cabo Distributing Co., Inc. v. Brady* (N.D.Cal. 1992) 821 F.Supp. 601, 608; *Walsh v. McGee* (S.D.N.Y. 1996) 918 F.Supp. 107, 112.) In fact, to survive a motion to dismiss for failure to state a claim, plaintiff need not set forth all facts upon which a claim is based, but rather a short and plain statement of the claim is sufficient if it gives defendants fair notice of what the claim is and the grounds upon which it rests. (*Harris v. Procter & Gamble Cellulose Co.* (C.A.11 (Ga.) 1996) 73 F.3d 321, 324.) If a complaint or claim sets out a generalized statement of fact from which a defendant may frame a responsive pleading, the claim will withstand a motion to dismiss for failing to state a claim upon which relief could be based. (*Wooldridge Homes, Inc. v. Bronze Tree, Inc.* (D.C.Colo. 1983) 558 F.Supp. 1085, 1089.)

# IV.
# ARGUMENT

### A. Plaintiff has Sufficiently Pled all Elements of Intentional Misrepresentation and the Court Should Dismiss the Defendants' Motion

The California Civil Code states that a defendant is liable for intentional misrepresentation and any damage which the plaintiff may suffer as a result, if the defendant willfully deceives another with intent to induce him to alter his position to his injury or risk. (Cal. Civ. Code § 1709.) To establish a claim for deceit based on intentional

Case No. 09cv-1252-H-CAB
Memorandum of Points and Authorities Plaintiff In
Support of It's Response to Defendants Motion to Dismiss...
4

misrepresentation, the plaintiff must prove that (1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing the harm to the plaintiff. (*Manderville v. PCG & S Group, Inc.* (2007) 146 Cal.App.4th 1486, 1498 (also opining that a tort action for deceit is sometimes represented by only five elements: 1) misrepresentation, 2) defendant's scienter, 3) intent to defraud, 4) justifiable reliance, and 5) resulting damage.))

### 1. Defendants Intentionally Concealed Material Facts Concerning the Value of the Property in Order to Induce Plaintiff to Make a Loan

In the present case, the Plaintiff has sufficiently plead each element intentional misrepresentation. Plaintiff has pled that Defendants represented that the septic system was not malfunctioning,[1] when in fact it was defective,[2] and that Defendants knew this statement to be false.[3] Plaintiff has also pled that the Defendants induced Plaintiff to rely upon their statements[4] and that the Plaintiff did in fact rely upon it.[5] Plaintiff has also pled that it has suffered significant damages[6] and that these damages were the direct result of the Defendants conduct.[7] Therefore, Plaintiff has satisfied its burden to set out a short and plain statement

---

[1] Plaintiff's Complaint at 4:18-27.

[2] Complaint at 5:6-12.

[3] Complaint at 6:11-14.

[4] Complaint at 6:11-14.

[5] Complaint at 6:15-20.

[6] Complaint at 6:21-23.

[7] Complaint at 6:21-23.

of the facts upon which its claim is based, sufficient to overcome the Defendants' Motion. As such, Plaintiff respectfully submits that the motion to dismiss for failure to state a claim on the intentional misrepresentation count be denied as a matter of law.

### 2. Defendants' Motion Misapplies the Holding from *Coldwell Banker* Regarding a Broker's Duty to a Third Party Beneficiary

Defendants rely on the holding of the *Coldwell Banker* case and argue exclusively that their perceived lack of duty owed to Plaintiff shields them from liability for their intentional misrepresentations. (*Coldwell Banker Residential Brokerage Co., Inc. v. Superior Court* (2004) 117 Cal.App.4th 158.)

In *Coldwell Banker* the minor child of the purchaser was injured by pre-existing toxic mold which the real estate broker had failed to disclose and/or actively concealed. The Court found that there was no broker liability in regards to the child due to the fact that the child was neither a party to the broker-customer relationship nor was an intended beneficiary of the factual disclosures or transaction. Expanding on the intended beneficiary finding, the Court further held that "[A] supplier of information is liable for negligence to a third party only if he or she intends to supply the information for the benefit of one or more third parties in a specific transaction or type of transaction identified to the supplier." ( Bily v. Arthur Young & Co. (1992) 3 Cal.4th 370, 392, *quoting Coldwell Banker Residential Brokerage Co., Inc. v. Superior Court* (2004) 117 Cal.App.4th 158, 166.) Further, the Court held that a broker is liable to a third party if he or she intended to supply information about the property for that party's benefit and as an objective of the particular broker services rendered. (*Id.* at 165.)

In the present case, it is unconscionable to assume that Plaintiff, the only party bringing money to this transaction, was not an intended beneficiary of the transaction and that the representations were not made for Plaintiff's benefit. Lenders rely on the truthfulness of real estate agents to broker honest transactions and do not anticipate that they will actively conceal defects in order to defraud the lender in a first-payment default

Case No. 09cv-1252-H-CAB
Memorandum of Points and Authorities Plaintiff In
Support of It's Response to Defendants Motion to Dismiss...
6

transaction. Defendants engaged in outright fraud: (1) Defendants found an uninhabitable property; (2) they found a straw-man buyer who they knew intended to default on the first payment and who never actually saw the property; (3) they set up fraudulent or non-existent inspections; (4) they moved the transaction along so it was sent to a unwitting mortgage company, who they knew would rely upon their good faith, professional conduct, and misstatements; and finally, (5) after defrauding Plaintiff, Defendants collected a substantial commission and other fees.

California cases recognize a fundamental duty on the part of a realtor to deal honestly and fairly with all parties in a sale transaction. (*Nguyen v. Scott* (1988) 206 Cal.App.3d 725, 735; *Easton v. Strassbuger* (1984) 152 Cal.App.3d 90, 100-101.) This duty extends to third parties, even where the broker does not have privity with, or fiduciary duties to, such third parties. (See *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 42.) Courts weighs the following factors to determine a broker's duty: "[1] the extent the transaction was intended to affect the third party, [2] the foreseeability of harm, [3] the degree of certainty the third party suffered injury, [4] the moral blame attached to the broker's conduct, and [5] the policy of preventing future harm." (See *Norman I. Krug Real Estate Investments, supra,* at 42.) Such a duty is also consistent with the *Coldwell Banker* holding because that Court noted that there is third party liability for brokers to intended beneficiaries and others who rely on broker misstatements and fraud. (See *Coldwell Banker, supra,* at 166.)

Here, Plaintiff would certainly fall within the confines of a party who Defendants knew would rely on their misstatements as an intended beneficiary. Information concerning material defects in a property, especially those that were intentionally misrepresented, are certainly pertinent to a lending institution which relies upon that information in providing a loan. Lending institutions rely on the truthfulness of disclosures and statements from brokers to determine whether or not to make a loan on a property.

///

Case No. 09cv-1252-H-CAB
Memorandum of Points and Authorities Plaintiff In
Support of It's Response to Defendants Motion to Dismiss...
7

It is also clear that in the present case, each element that establishes *Krug* third party duty weighs against Defendants. By knowingly brokering a fraudulent transaction on a defective property, Defendant knew that the transaction would eventually cost the third party lender a significant amount of money and that this harm was likely and foreseeable, since a residence cannot be maintained for long without a functioning septic system. Further, the moral blame and policy of preventing future harm should weigh against Defendants since as brokers they act as gatekeepers in real estate transactions and their active participation in fraud has ripple effects not only to buyers, sellers, lenders and other active parties, but also throughout the larger economy.

The *Krug* Court also stated that the "most important step in determining if a [real estate] broker owes a duty of care to a third party is to examine 'whether a reasonable person would have foreseen an unreasonable risk of harm to the third person and whether in view of such risk the broker exercised ordinary care under the circumstances.'" (*Krug, supra,* at 42.) Here, even under the limited factual record that Plaintiffs have been able to determine without discovery, it is clear that the concealment and sham transaction that Defendants not only participated in, but actively set up, would shock the conscious of a reasonable person, and that reasonable person could determine that Defendants' fraud imposed an unreasonable risk of harm on Plaintiff.

A final factor for consideration in *Coldwell Banker* is the relevant factual differences between the relationship between the parties in that case and the relationship in the instant transaction. In *Coldwell Banker* the injured child was not a party to the real estate transaction and had no interest in it at all, financial or otherwise. The Court stated that because the child could not "successfully plead that Coldwell Banker intended to induce him to act to his detriment in reliance on the false representation (i.e., concealment) or that he relied on such conduct, he cannot state a cause of action for fraud or misrepresentation." (citation omitted) (*Id.* at 168.)

///

In contrast, the Plaintiff can and has pled that Defendants induced it to do an act to its detriment. Defendants induced the Plaintiff to make a loan that it would not have made if the intentional misrepresentation was not made. <u>Plaintiff was not a stranger to Defendants fraud, but was instead the intended victim.</u> Furthermore, Plaintiff relied on the representations and or omissions to its detriment and was harmed in an amount that exceeds $250,000.

### B. Plaintiff has Sufficiently Pled all Elements of Negligent Misrepresentation and the Court Should Dismiss the Defendants' Motion

Negligent misrepresentation is a distinct tort and a species of deceit. It occurs where a defendant makes a false statement, honestly believing it to be true, but without reasonable ground for such belief. (*Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370, 407.) The elements of negligent misrepresentation are: (1) the defendant must have made a representation as to a past or existing material fact, (2) the representation must have been untrue, (3) regardless of his actual belief, the defendant must have made the representation without any reasonable ground for believing it to be true, (4) the representation must have been made with the intent to induce plaintiff to rely upon it, (5) the plaintiff must have been unaware of the falsity of the representation; he must have acted in reliance upon the truth of the representation and he must have been justified in relying upon the representation, and (6) the plaintiff must have sustained damage. (*Continental Airlines, Inc. v. McDonnell Douglas Corp.* (1989) 216 Cal.App.3d 388, 402.)

#### 1. Defendants' Negligently Misrepresented and/or Concealed Material Facts Concerning the Value of the Property in Order to Induce Plaintiff to Make a Loan

Again, Defendants rely exclusively on *Coldwell Banker* to try and shield them from their negligent actions which resulted in significant damage to Plaintiff. However, Plaintiff has already demonstrated that *Coldwell Banker* does not extend to excuse liability to a third party who was induced to rely on a broker's statements. Absent the issue of duty, Defendants do not seriously challenge the sufficiency of the second count and therefore the motion to
Case No. 09cv-1252-H-CAB
Memorandum of Points and Authorities Plaintiff In
Support of It's Response to Defendants Motion to Dismiss...
9

dismiss should be denied, on the same basis as the count for intentional misrepresentation.

Defendants further argue that Plaintiff has not pled facts to establish that it received any affirmative representation from Defendants regarding the condition of the Property. Plaintiff counters that it was provided representations from Defendants that not only negligently represented the condition of the Property and the nature of the transaction, but also induced the Plaintiff to rely upon them.[8] However, to the extent that this Court finds the factual statement in the pleadings is not sufficient to satisfy the requirements of Fed. R. Civ. Proc. 12(b)(6), Plaintiff prays for leave to amend the complaint to remedy this matter.

### C. Plaintiff has Sufficiently Pled all Elements of Negligence and Professional Negligence and the Court Should Dismiss the Defendants' Motion

Similar to the cause of action sounding in negligent misrepresentation, Defendants also attempt to excuse their liability in negligence and professional negligence (the third and fourth causes of action) based upon their perceived lack of duty owed to Plaintiff. However, Plaintiff has already demonstrated that *Coldwell Banker* does not extend to excuse liability to a third party who was induced to rely on a broker's statements. Absent the issue of duty, Defendants do not seriously challenge the sufficiency of the second count and therefore the motion to dismiss should be denied, on the same basis as the counts for intentional and negligent misrepresentation.

### D. The Court Should Grant Plaintiff Leave to Amend if it Finds a Failure to State a Claim

Plaintiff has demonstrated that it has properly pled each element of the four causes of action. However, In the unlikely event that this Court finds that Plaintiff has failed state a claim due to an insufficient factual record or other flaw, this Court should grant Plaintiff leave to amend. In fact, Courts are loath to dismiss a claim and are almost universal in determining that a plaintiff should be granted leave to amend before outright dismissal unless

---

[8]Complaint at 7:2-25.

the pleading could not possibly be cured by the allegation of other facts. (*Stiefel v. Bechtel Corp.* (S.D.Cal. 2007) 497 F.Supp.2d 1138, 1146; *Chavez v. Blue Sky Natural Beverage Co.* (N.D.Cal. 2007) 503 F.Supp.2d 1370, 1374; *In re Computer Sciences Corp. Derivative Litigation* (C.D.Cal. 2007) 244 F.R.D. 580 (opining that leave to amend should be granted even if it is not requested).); *see also Blue Nile, Inc. v. Ice.com, Inc.* (W.D.Wash 2007) 478 F.Supp.2d 1240; *Boone v. Pennsylvania Office of Vocational Rehabilitation* (M.D.Pa. 2005) 373 F.Supp.2d 484.)

In the present case, dismissal, especially without leave to amend, would severely prejudice Plaintiff who has already endured substantial damages as a result of Defendants' fraud. The parties have yet to conduct discovery and Plaintiff anticipates that such discovery will more fully reveal the extent and nature of Defendants fraud and negligence. Therefore, if this Court determines that Plaintiff pleadings are insufficient to state a claim upon which relief can be granted, Plaintiff respectfully requests leave to amend

## V.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully submits that it has properly pled four causes of action that each state a claim upon which relief can be granted, and respectfully requests that this Court deny Defendants' Motion pursuant to Rule 12(b)(6). In the alternative, if this Court finds grounds in favor of the Defendants' Motion, Plaintiff respectfully requests leave to amend its pleading.

Dated: August 28, 2009

/s/ John L. Smaha
John L. Smaha, Esq.
SMAHA LAW GROUP
*Attorneys for Debtor/Plaintiff,*
Equipoint Financial Network, Inc.

W:\Equipoint\Equipoint v. Network Appraisal\District Court Case\101.P&As.Reply.Motion.to.Dismiss.wpd

John L. Smaha, Esq.  Bar No. 95855
**SMAHA LAW GROUP APC**
7860 Mission Center Ct., Ste. 100
San Diego, California 92108
(619) 688-1557  Telephone
(619) 688-1558  Facsimile

Attorneys for Debtor/Plaintiff, Equipoint Financial Network, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PROOF OF SERVICE** | Case No. 09-cv-1252-H-CAB<br>*Equipoint Financial Network, Inc.*<br>*Equipoint Financial Network v. Network Appraisal Services, et al.* |

    I am employed in the City of San Diego, California.  I am over the age of 18 and not a party to the within action.  My business address is 7860 Mission Center Court, Suite 100, San Diego, California 92108.

    On August 28, 2009, I caused to be served the following document(s) described as:

1.     **MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFF EQUIPOINT FINANCIAL NETWORK, INC. IN THE SUPPORT OF ITS REPLY TO DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM [FED. R. CIV. PROC. 12(b)(6)]**

in this action by placing the true copies thereof enclosed in a sealed envelope addressed as follows:

**SEE SERVICE LIST**

[X]     (**BY MAIL**) I served the individual named by placing the documents in a sealed envelope.  I then placed it for collection and mailing with the United States Postal Service this same day, at my address shown above, following ordinary business practice.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **August 28, 2009**, San Diego, California.

                                                        /s/ Amelda M. Johnson
                                                         Amelda M. Johnson

1

## SERVICE LIST

Mark D. Stavros
Maxie Rheinheimer Stephens & Vrevich
350 10th Avenue, Ste. 900
San Diego, CA 92101
*Attorneys for Defendants Erica Elaine Baxter and Jean Merkelbach, et al.*

Said W. Majrooh
Network Appraisal Services, Inc.
10153 Clairina Way
El Grove, CA 95757

Network Appraisal Services, Inc.
10153 Clairina Way
El Grove, CA 95757

Cathy J. Carnes
4338 Sandhurst Court
Rocklin, CA 95677
*In Pro Per*

W:\Equipoint\Equipoint v. Network Appraisal\Service List.wpd